OPINION
{¶ 1} Plaintiff-appellant, Barbara Barrett, appeals from the decision and judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Ricart Automotive Group and Ricart Ford, Inc. (hereinafter collectively "appellees"). For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} On February 27, 2000, appellant entered the premises at 4255 S. Hamilton Road, Groveport, Ohio, which is owned by appellees for the purpose of returning a rental car to Enterprise Rent-A-Car (hereinafter "Enterprise") who is located inside appellees' building. Upon entering, she saw on the right a four or five foot opening where the windows for Enterprises' customers were located and the mechanics' work area on the left. She also saw a line of people going from the Enterprise windows, to the front entrance and around past a flight of stairs. The stairs were straight ahead from the front entrance door, approximately eight feet away.
 {¶ 3} As a result, appellant turned to the left to head toward the end of the line. When she did, she fell over a curb located to the left of the entrance door. The curb was approximately four inches high and painted yellow on the vertical face with a yellow stripe extending over the top edge. Appellant suffered injuries as a result of her fall.
 {¶ 4} On February 2, 2002, appellant filed a complaint against appellees and Enterprise.[1] Appellees filed a motion for summary judgment on May 12, 2003, which the trial court granted on October 10, 2003. The trial court concluded appellees did not owe appellant a duty to warn of the alleged danger. The trial court filed its judgment entry on October 17, 2003.
 {¶ 5} Appellant timely appeals and asserts the following assignment of error:
The trial court erred in granting the Appellee's motion for summary judgment against Appellant, as there remains a genuine issue of material fact.
 {¶ 6} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 7} Further, when a motion for summary judgment has been supported by proper evidence, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue. Jackson v. Alert Fire Safety Equip.,Inc. (1991), 58 Ohio St.3d 48, 52. If the nonmoving party does not demonstrate a genuine triable issue, summary judgment shall be entered against that party. Civ.R. 56(E).
 {¶ 8} In her sole assignment of error, appellant argues the trial court's granting of summary judgment was improper as a genuine issue of fact exists as to whether the cause of her fall, the curb, was open and obvious. Appellant maintains only a small portion of the curb would have been visible to anyone who had been inclined to look down and to the left before taking a step into what appeared to the normal person to be an area on the same level as the entrance. Further, appellant argues the curb was in close proximity to the entrance door. As such, appellant asserts a person would only have to move slightly to the left to come into contact with the edge of the curb as he or she entered the building. Additionally, appellant maintains there was no railing and no warning sign. Further, appellant argues she was not the first person to fall over the curb, instead, people frequently fell at the same location.
 {¶ 9} In response, appellees maintain the curb was an open and obvious hazard and, as such, they did not owe her a duty of care. First, appellees contend there was no foreign substance on the floor in the area on which appellant fell. Second, appellees argue appellant fell on her way from the door to the end of the line and her path was clear. Appellees assert if appellant looked down, she would have noticed both the curb and the yellow stripe which was painted on it. Accordingly, appellees maintain appellant is unable to show a set of facts which would demonstrate that the yellow stripe was unreasonably dangerous.
 {¶ 10} To prevail upon her claim of negligence, appellant is required to prove by a preponderance of the evidence appellees owed her a duty of care, they breached that duty, and the breach proximately caused her injuries. Strother v. Hutchinson (1981),67 Ohio St.2d 282. "Under the law of negligence, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 645.
 {¶ 11} The parties agree appellant was a business invitee of appellees. "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Baldauf v. KentState Univ. (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, a business owner is not an insurer of a customer's safety. Id.
 {¶ 12} An owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. Simmers,
supra, at 644, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45. Additionally, "[t]he open-and-obvious doctrine remains viable in Ohio." Armstrong v. Best Buy Co., Inc. (2003),99 Ohio St.3d 79, paragraph one of the syllabus. The justification behind the open-and-obvious doctrine is "the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Anderson v. Ruoff (1995), 100 Ohio App.3d 601, 604
citing Simmers, supra. Open and obvious hazards are neither hidden or concealed from view nor nondiscoverable by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49,50-51. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case." Miller v. Beer Barrel Saloon
(May 24, 1991), Ottawa App. No. 90-OT-050. If there is no duty, the premises owner cannot be negligent. Anderson, supra.
 {¶ 13} In the current case, appellant testified she would have seen the yellow stripe on the curb, and the curb, had she looked down. Accordingly, the hazardous nature of the curb was readily apparent. It was neither hidden nor concealed from view and discoverable upon ordinary inspection. As such, appellant was responsible for taking appropriate measures to protect herself.
 {¶ 14} This conclusion is not altered by a consideration of attendant circumstances. While "there is no precise definition of `attendant circumstances' * * * they generally include `any distraction that would come to the attention of a pedestrian in the same circumstances and reduced the degree of care an ordinary person would exercise at the time." McGuire v. Sears, Roebuck and Co. (1996), 118 Ohio App.3d 494, 499. (Citation omitted.) "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered." Id. (Citation omitted.)
 {¶ 15} In this matter, appellant argues attendant circumstances must be considered, however, she fails to specify what specific attendant circumstances were present when she fell. Moreover, an examination of the facts reveals the line of customers from Enterprise's windows around to the stairs as the only potential attendant circumstance. We conclude the line, in and of itself, was insufficient to divert appellant's attention, significantly enhance the danger of the curb, and contribute to the fall. Accordingly, there are no attendant circumstances sufficient in this matter to avoid the application of the open-and-obvious doctrine. As such, appellant fails to prove appellee owed her a duty of care.
 {¶ 16} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Sadler, JJ., concur.
[1] Appellant voluntarily dismissed Enterprise from this action on April 16, 2003.