OPINION
{¶ 1} On October 15, 2002, at approximately 12:30 a.m., plaintiff-appellant, Roger N. McCoy, was driving a tractor-trailer and making a delivery to defendant-appellee, The Kroger Company ("Kroger"), at its store located at Columbus Square Shopping Center. Kroger leases the building from defendant-appellee, Westerville Square, Inc. Appellant backed the trailer to the store's loading dock and when he climbed down, on the last step, his foot continued down a narrow trench rather than making contact with the surface of the parking lot. Appellant then fell, injuring his right knee and both thighs.
 {¶ 2} Appellant filed a complaint alleging appellees were negligent in the maintenance of the parking lot, contending they either knew or should have known of the danger the trench presented, and should have either repaired the hazard or warned appellant of its presence. Appellees each filed a motion for summary judgment contending the hazard was open and obvious and they owed no duty to appellant to warn of an open and obvious hazard and that appellant provided no evidence that either appellee knew or should have known of the danger the trench presented and should have repaired the trench or warned appellant of its existence.[1] The trial court granted the motions for summary judgment finding that the trench was open and obvious and appellees owed no duty to appellant.
 {¶ 3} Appellant filed a notice of appeal and raises the following assignment of error:
The trial court erred in finding as a matter of law the hazard which injured the plaintiff was open and obvious, incorrectly granting summary judgment to both defendant the Kroger Company and defendant Westerville Square, Inc.
By the assignment of error, appellant contends that the trial court erred in finding that the hazard was open and obvious and granting appellees' motions for summary judgment. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 4} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the nonmoving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Once the moving party satisfies this initial burden, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to show the existence or nonexistence of genuine issues of fact.
 {¶ 5} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maustv. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy,
supra.
 {¶ 6} To prevail upon his claim for negligence, appellant was required to prove by a preponderance of the evidence that appellees owed him a duty of care, that it breached that duty and that the breach proximately caused his injuries. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 285.
 {¶ 7} Under the law of negligence, a defendant's duty to a plaintiff depends on the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 645. Appellant and appellees agree that appellant was a business invitee of appellees. "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner."Baldauf v. Kent State Univ. (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203. However, a business owner is not an insurer of a customer's safety.
 {¶ 8} An owner or occupier of property has a duty to warn a business invitee of unreasonably dangerous latent conditions that a business invitee cannot reasonably be expected to discover. A latent danger is "a danger which is hidden, concealed and not discoverable by ordinary inspection, that is, not appearing on the face of a thing and not discernible by examination." Pottsv. Smith Constr. Co. (1970), 23 Ohio App.2d 144, 148. Premises are not considered unreasonably dangerous where the defect is "so insubstantial and of the type that passersby commonly encounter."Baldauf, at 49. However, an owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. Simmers, at 644, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45. The rationale behind the doctrine is that the open and obvious nature of the danger itself serves as a warning. Such a danger is one that is neither hidden nor concealed from view nor non-discoverable by ordinary inspection. Parsons v.Lawson Co. (1989), 57 Ohio App.3d 49, 50-51.
 {¶ 9} The mere fact that a person slipped and fell is not sufficient to establish negligence. Burkhead v. Eesley (1958),107 Ohio App. 519. There must be evidence showing that some negligent act or omission caused the plaintiff to slip and fall.The J.C. Penny Co., Inc. v. Robison (1934), 128 Ohio St. 626, paragraph four of the syllabus. "To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." Stamper v.Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65, 67-68, citingCleveland Athletic Assn. Co. v. Bending (1934),129 Ohio St. 152. A finding of negligence is precluded when the plaintiff, either personally or with the use of outside witnesses, cannot identify what caused the fall. Stamper, supra.
 {¶ 10} In this case, appellant contends that appellees are liable because the accident happened at night and the area was poorly lit, which hindered his ability to see the hazard. Appellant also argues that appellees were negligent in the maintenance of the parking lot since the hole was a poorly maintained drainage trench, which should have been covered by a grate.
 {¶ 11} This court recently decided Schmitt v. Duke Realty,L.P., Franklin App. No. 04AP-251, 2005-Ohio-4245, in which the plaintiff slipped, fell and suffered injury on water that had accumulated on the floor from rain tracked inside by people entering the building. The plaintiff slipped and fell 15 to 20 steps inside the door rather than immediately inside the door. This court determined that "the issue of whether a hazard is open and obvious may be a question for the jury to resolve before the court determines whether the landowner has a duty to the business invitee." Id. at ¶ 17. Construing the evidence in the plaintiff's favor, this court found that reasonable minds could differ about the open and obvious nature of the water on the floor and found summary judgment inappropriate in that case.
 {¶ 12} However, in this case, appellant testified in his deposition, that he arrived at Kroger's loading dock and parked the truck. He opened the door and stepped onto the top step with his left foot first and then his right, exiting the truck backwards. (McCoy depo., Tr. at 46-47.) He placed his clipboard on the seat and stepped down with his left foot, with his left hand holding the door and his right hand on the safety handle. (McCoy depo., Tr. at 47; 64.) As he stepped down with his right foot, he let go of the handle and went straight down the drain and fell to his right. (McCoy depo., Tr. at 68.) Appellant did not look at the ground before stepping down with his right foot because "[w]ell, I really couldn't because I am holding on, I mean, I just expected solid ground, I mean." (McCoy depo., Tr. at 70.)
 {¶ 13} The last step is approximately 20 inches from the ground. (McCoy depo., Tr. at 45.) Appellant admitted that if he had seen the hazard, he would not have stepped into it. (McCoy depo., Tr. at 71.) He did not remember how light the area was but he admitted that there was nothing other than the darkness to distract him from his ability to see the hazard and nothing else caused him to fall. (McCoy depo., Tr. at 71; 85.) Appellant also admitted that, after he fell, while he was waiting for help to arrive, he had no trouble seeing the hazard. (McCoy depo., Tr. at 81.)
 {¶ 14} The trial court found that the trench was open and obvious and appellees owed no duty to appellant. As a matter of law, darkness is always a warning of danger, and may not be disregarded. Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 227. Appellant has provided no evidence that the trench was other than open and obvious or that appellees either knew or should have known of a latent or hidden danger. Despite the language inSchmitt, in some cases, such as this one, the facts of the case are undisputed and the application of the open and obvious doctrine is a matter of law for the court to determine. In this case, the trial court did not err in finding that the trench was open and obvious and appellees owed no duty of care to appellant.
 {¶ 15} Appellant also argues that appellees are liable for his injury because of attendant, or special circumstances, such as darkness and exiting a semi-tractor trailer. In Barrett v.Enterprise Rent-A-Car Co., Franklin App. No. 03AP-1118,2004-Ohio-4646, this court found that "attendant circumstances" can include any distraction that would come upon a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered." Id., quotingMcGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494,499.
 {¶ 16} However, appellant testified that nothing distracted him while he was exiting the truck, nothing else caused his fall and he was looking straight ahead instead of at the ground while exiting. (McCoy depo., Tr. at 70-71; 85.) The darkness increases rather than reduces the degree of care an ordinary person would exercise. The attendant circumstances in this case are insufficient to divert appellant's attention, significantly enhance the danger of the hazard and contribute to the fall. Therefore, there are no attendant circumstances sufficient here to avoid the application of the open-and-obvious doctrine.
 {¶ 17} Appellant finally argues that the failure to maintain the drainage trench caused a deterioration of the grate and appellees should have discovered the damage to the drain and grate and remedied the problem, citing his expert contractor and a property manager. However, as stated above, an owner or occupier of premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger but only has a duty to warn a business invitee of unreasonably dangerous latent conditions that a business invitee cannot reasonably be expected to discover. An owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property since the nature of the danger itself serves as a warning. Appellant testified in his deposition that, if he had looked, he would have seen the trench and he had no trouble seeing it after he fell. Appellant has failed to prove appellees owed a duty of care and the trial court did not err in so finding. Appellant's assignment of error is not well-taken.
 {¶ 18} For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Both appellees argued that the other was responsible for the maintenance of the parking lot and filed cross-claims, which were overruled since the trial court found no duty.