OPINION
{¶ 1} Beverly Schaeffer appeals from a judgment of the Clark County Court of Common Pleas, which entered summary judgment in favor of Dollar General Corporation on her negligence claim.[1]
 {¶ 2} On the afternoon of September 1, 2003, Beverly D. Schaeffer entered a Dollar General store in Springfield with two friends. Shortly thereafter, she fell over some boxes that were sitting in an aisle. She landed in such a way that she broke her knee cap.
 {¶ 3} In early 2005, Shaeffer filed a complaint against Dollar General for negligence. In October 2005, Dollar General filed a motion for summary judgment. On December 15, 2005, the trial court sustained Dollar General's motion for summary judgment. The trial court held that reasonable minds could only conclude that the boxes had been visible and obvious and that Schaeffer would have seen them if she had looked where she was walking. Noting that a business owner has no duty to warn of dangers that are open and obvious, the court entered summary judgment in favor of Dollar General.
 {¶ 4} Schaeffer raises one assignment of error on appeal.
 {¶ 5} Schaeffer contends that the trial court erred in finding that the boxes in the aisle at Dollar General created an open and obvious hazard. She also claims that the trial court erred in finding that no evidence had been presented regarding who had put the boxes in the aisle or how long they had been there. Evidence as to the latter issues is irrelevant, however, if the trial court properly found that the boxes were an open and obvious hazard.
 {¶ 6} Pursuant to the open-and-obvious doctrine, a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Armstrong v. BestBuy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573,788 N.E.2d 1088, ¶ 5. "The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" Id., quotingSimmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644,597 N.E.2d 504. When applicable, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claim. Id.
 {¶ 7} Our review of the trial court's decision to grant summary judgment is de novo. Helton v. Scioto Cty. Bd. ofCommrs. (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd., 78 Ohio St.3d 181, 183,1997-Ohio-221, 677 N.E.2d 343.
 {¶ 8} Dollar General relied on Schaeffer's deposition testimony in support of its motion for summary judgment. In her deposition, Schaeffer testified that she had shopped at the Dollar General store many times. She was aware of the fact that there are "always boxes on the floor at every dollar store you go to" and that one had to step around them "every time." She also acknowledged that the boxes sitting in the aisle on the day of her accident were a different color than the floor and were "pretty obvious." As she walked past the first aisle, her attention was drawn to a child who came running out of that aisle. Schaeffer tripped over some "good-sized" boxes as she came around a corner. Although she admitted that the boxes were visible and obvious, she stated that she did not think that she had to look where she was walking in a public place because "you're supposed to feel safe."
 {¶ 9} The trial court properly granted summary judgment in favor of Dollar General because there was no genuine issue of material fact as to whether the boxes in the aisle created an open and obvious hazard. By Schaeffer's own admission, she was not watching where she was walking when she collided with the boxes. Schaeffer described the boxes as being several times larger than shoe boxes and acknowledged that their color contrasted with the floor color. The court properly concluded that reasonable minds could only conclude that the boxes presented an open and obvious hazard.
 {¶ 10} The facts in this case are very similar to the facts in Armstrong, 99 Ohio St.3d 79, wherein the supreme court reaffirmed that the existence of an open and obvious hazard precludes a claim for negligence because an owner owes no duty to protect others from such a hazard. In Armstrong, the plaintiff entered the store through exit doors and tripped over the bracket of a shopping cart guardrail. Armstrong admitted in his deposition that nothing obstructed his view of the hazard before he fell and that, had he been looking down, he would have seen the guardrail. Based on this testimony, as well as photographs of the alleged hazard that were supplied by both parties, the supreme court found as a matter of law that the guardrail was visible to all who entered and exited that store and had presented an open and obvious hazard. Accordingly, summary judgment in favor of the owner was appropriate.
 {¶ 11} The size, color, and location of the boxes at Dollar General lead us to conclude, as a matter of law, that they created an open and obvious hazard akin to the one discussed inArmstong. Accordingly, Dollar General owed no duty to warn Schaeffer about the boxes, and summary judgment was properly granted in its favor.
 {¶ 12} In the absence of a duty to warn, Schaeffer's arguments regarding who placed the boxes in the aisle and how long they had been there are irrelevant.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} The judgment of the trial court will be affirmed.
Fain, J., concurs.
[1] Schaeffer's husband also appeals from the trial court's entry of summary judgment on his loss-of-consortium claim. We need not address this claim separately, however, because our resolution of Beverly's argument disposes of the loss-of-consortium claim as well.