OPINION
{¶ 1} This is an appeal from a summary judgment for the Defendant in a slip-and-fall case.
 {¶ 2} On March 27, 2004, Plaintiff Terry A. Trimble, along with her husband, her sister, and her brother-in-law, entered the Golden Corral Restaurant at 1740 North Bechtle Avenue, in *Page 2 
Springfield, to eat breakfast. The restaurant is owned and operated by Defendant Frisch's Ohio, Inc. ("Frisch's).
 {¶ 3} Much of the floor of the restaurant is carpeted, but the area surrounding the breakfast bar from which patrons serve themselves has a ceramic tile floor. The ceramic tile extends from the breakfast bar back through the kitchen door and into the kitchen.
 {¶ 4} Trimble stepped onto the ceramic tile floor to examine the offerings on the breakfast bar. When she did, Trimble slipped and fell on water that was standing on the floor. Trimble claimed she injured her head and knees as a result of the fall.
 {¶ 5} Trimble commenced a negligence action against Frisch's. After responsive pleadings were filed, Frisch's moved for summary judgment. (Dkt. 8). In its attached memorandum, Frisch's argued (1) that the water that allegedly caused Trimble's fall was an open and obvious condition that relieved Frisch's of any duty to warn patrons of its existence or cure the hazard it presented, and (2) that Frisch's lacked any actual or constructive knowledge of the condition and the hazard it presented to patrons such as Trimble.
 {¶ 6} Trimble filed a memorandum contra. (Dkt. 12). The memorandum attached an affidavit of Malcolm G. Kneisley, *Page 3 
another customer who saw Trimble fall and came to her assistance. Kneisley's affidavit describes the restaurant and its condition and states, in pertinent part:
 {¶ 7} "10. Terry Trimble was behind me when I heard her cry for help and I turned around and saw her on her knees. I went to assist her and I immediately noticed that the knees of her pants were soaked as were mine when I knelt down beside her. It was only then that I could see that there was a film of clear water on the ceramic tile floor. It was more water than if the floor had been mopped. The water was obvious. It was clear and odorless and was not visible until I knelt down to help Mrs. Trimble after I heard her call for help.
 {¶ 8} "11. This ceramic tile floor was a light color.
 {¶ 9} "12. The ceramic tile floor extended from inside the kitchen/work area, through the doorway to the kitchen and work area and out into the area between the serving bars where customers walk to get in their buffet lines. I noticed a lot of employee traffic going in and coming out of this door between the kitchen and the public serving area. It was a high traffic area but only employees were coming in and out of that door. The floor was wet all the way back towards the kitchen.
 {¶ 10} "13. I saw nothing else in the vicinity that *Page 4 
would have accounted for water being on the floor. This was not an area where beverages were served. It was not an area where customers would have been carrying water because beverages were carried to your table and were refilled by employees of the restaurant. It was clear that the water was being tracked out of the kitchen area by employees walking through that area carrying dishes, food, and produce.
 {¶ 11} "14. There were no barricades, no warning signs, no mops or buckets, cones or anything else that would have warned anyone that there was water on the floor."
 {¶ 12} The trial court granted summary judgment for Frisch's stating:
 {¶ 13} "Even construing the evidence most strongly in favor of the plaintiffs, the Court finds that there exists no genuine issue as to material fact and that the defendant is entitled to judgment as a matter of law. The Court's decision is based upon the open and notorious doctrine, see Sidle v. Humphrey, 13 Ohio St.2d 45 (1968), and the fact that the record lacks evidence that the defendant caused the floor to be slippery or that the defendant had actual or constructive knowledge of the wet floor condition." (Dkt. 13).
 {¶ 14} Trimble filed a timely notice of appeal, and presents two assignments of error concerning the summary *Page 5 
judgment the trial court granted.
 {¶ 15} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25.
 {¶ 16} When reviewing a trial court's grant of summary
judgment, an appellate court conducts a de novo review. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland CitySchools Bd. Of Edn. (1997), 122 Ohio App.3d 378, 383, citing Dupler v.Mansfield Journal Co., 64 Ohio St.2d 116, 119-120, 1992-Ohio-106. Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. Of Commrs.
(1993), 87 Ohio App.3d 704, 711.
 FIRST ASSIGNMENT OF ERROR *Page 6 
 {¶ 17} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS IN APPLYING THE OPEN AND OBVIOUS DOCTRINE TO THE FACTS OF THIS CASE."
 {¶ 18} "A business owner owes an invitee a duty of ordinary care and must maintain the business premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger.Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9, 41 O.O. 107,90 N.E.2d 694. Whether an owner has breached that duty depends on the owner's knowledge of the hazard and opportunity to remove it or warn of it. Anaple v. Standard Oil Co. (1955), 162 Ohio St. 537, 55 O.O. 424,124 N.E.2d 128. Whether the owner acted with reasonable care under the circumstances is a question of fact for the jury. Keister v. Park CentreLanes (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532." Detrick v.Columbia Sussex Corp. (1993), 90 Ohio App.3d 475, 477.
 {¶ 19} In Sidle v. Humphrey (1968), 13 Ohio St.2d 45, a boy delivering newspapers slipped and fell on ice and snow that had accumulated on the front steps of the defendant's building. The boy saw the accumulation when he approached the steps. Affirming a directed verdict for the defendant on the slip-and-fall claim, the Supreme Court held:
 {¶ 20} "1. An occupier of premises is under no duty to *Page 7 
protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.
 {¶ 21} "2. The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them. (Debie v. CochranPharmacy-Berwick, Inc., 11 Ohio St.2d 38, 227 N.E.2d 603, approved and followed.)
 {¶ 22} "3. Ordinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises. (Paragraph two of the syllabus in Debie v. Cochran Pharmacy-Berwick, Inc., 11 Ohio St.2d 38,227 N.E.2d 603, approved and followed.)" Id., Syllabus by the Court.
 {¶ 23} The Supreme Court affirmed its holding in Sidle v.Humphrey more recently in Armstrong v. Best Buy, Inc., 99 Ohio St.3d 79,2003-Ohio-2573. In that case, the plaintiff was injured after entering the defendant's store through an exit when he tripped over a bracket of a shopping center guardrail affixed to the floor. The Supreme Court held that *Page 8 
the hazard that the obstruction presented was open and obvious. Therefore, though the plaintiff testified that he had not seen the obstruction before he tripped over it, the defendant was relieved of any duty to the plaintiff because "the fact that the condition itself is so obvious * * * absolves the property owner from taking any further action to protect the plaintiff."Id., at ¶ 13.
 {¶ 24} In LaFollette v. Taylor Building Corporation of America, Clark App. No. 06-CA-40, 2007-Ohio-4085, we held that a hole in the front lawn of a house into which the plaintiff stepped as he was backing away to examine the roof was an open and obvious hazard that barred liability for the injuries the plaintiff suffered when he fell. In that case, the plaintiff had not seen the hole, which remained after a post supporting a mailbox was removed. But, because on an objective standard, the condition and the hazard it presented was open and obvious, we affirmed a summary judgment for the defendant.
 {¶ 25} The rationale for applying the "open and obvious" doctrine was stated by Professor Prosser, and quoted in Sidle v. Humphrey:
 {¶ 26} "In the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent to him that he may *Page 9 
reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself."Id., at p. 48.
 {¶ 27} Hazards are open and obvious when they are inherent in the condition from which they arise and the condition itself is known to the invitee or by reason of its particular size or configuration the condition is readily discoverable. In Sidle v. Humphrey, the snow and ice were seen by the newsboy, and he was charged by law with knowledge of the hazard it presented. In Armstrong and LaFollette, the plaintiffs did not see the condition, but in each case the condition was fixed, not temporary, and was readily discoverable upon the plaintiff's approach. The hazard those conditions presented was open and obvious in relation to the mishaps that resulted from them
 {¶ 28} In the present case, Trimble testified that she did not see the water until she landed on the floor. Kneisley, the affiant, likewise said that he did not see the water until he was helping Trimble from the floor. He also said the ceramic floor was a light color and that the water was clear. Further, by its nature, water is not reasonably expected to exist on a floor of this kind, unlike the conditions inSidle, Armstrong, and even LaFollette. *Page 10 
 {¶ 29} On this record, and construing the evidence most strongly in Trimble's favor, we find that reasonable minds could reach different conclusions on whether the condition and the hazard associated with it that caused Trimble's fall were open and obvious. Therefore, a genuine issue of material fact remains for determination, and the trial court erred when it granted Frisch's motion for summary judgment.
 {¶ 30} The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 {¶ 31} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS WHEN IT FOUND A LACK OF EVIDENCE THAT THE APPELLEE CAUSED THE FLOOR TO BE SLIPPERY."
 {¶ 32} Kneisley's affidavit, quoted above, permits an inference that the water on which Trimble allegedly slipped had flowed out from the kitchen or been tracked from there by Frisch's employees. Proof that an owner or operator of a premises created a hazardous condition is proof that he had notice of it. Detrick v. Columbia Sussex Corporation, citingFox v. Ben Schechter Co. (1937), 57 Ohio App. 275.
 {¶ 33} The trial court erred when it found a lack of actual or constructive knowledge on the part of Frisch's, because Kneisley's evidence, construed most strongly in favor *Page 11 
of Trimble, supports an inference that Frisch's created the hazardous condition from which Trimble's injuries and losses allegedly resulted. That is proof that Frisch's had notice of the condition and the hazard it presented. Id. The second assignment of error is sustained.
 {¶ 34} Having sustained the errors assigned, we will reverse the summary judgment and remand the case for further proceedings.
 WOLFF, P.J. And FAIN, J., concur. *Page 1