{¶ 41} The trial court's grant of summary judgment in favor of appellee, Dollar General Store, was correct. Accordingly, I respectfully dissent.
 {¶ 42} The three essential elements of any negligence action are a duty, the breach of that duty, and an injury proximately caused by the breach. Wellman v. East Ohio Gas. Co. (1953), 160 Ohio St. 103, paragraph three of the syllabus. In the present case, reasonable minds can only conclude that there was neither a duty nor the breach of a duty on the part of Dollar General.
 {¶ 43} "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers."Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 80, 2003-Ohio-2573, at ¶ 5 (citations omitted). "Where a danger is open and obvious," however, "a landowner owes no duty of care to individuals lawfully on the premises." Id. at syllabus.
 {¶ 44} In the present case, the stacks of boxes in the card aisles constituted an open and obvious hazard. Therefore, Dollar General owed appellant "no duty" *Page 13 
regarding the dangers posed by the stacked boxes since appellant could reasonably have been expected to discover the danger and take appropriate measures to protect herself. Id. at ¶ 5 (citations omitted).
 {¶ 45} The majority obscures the obvious by identifying the hazard, not as the stacks of boxes, but as the slight protrusion of one of the boxes on the bottom of the stack, claiming that "the protruding box was clearly not an open and obvious condition." Supra, at ¶ 27. Such an analysis artificially separates cause (the stacks of boxes) from their effect (limited sight). Stacks of boxes in a narrow aisle are hazardous precisely because they obscure one's line of sight. Appellant's inability to see the protrusion is not an attendant circumstance, it is an inherent circumstance of the open and obvious condition.
 {¶ 46} The Second District has recently and cogently observed that "[h]azards are open and obvious when they are inherent in the condition from which they arise and the condition itself is known to the invitee or by reason of its particular size or configuration the condition is readily discoverable." Trimble v. Frisch's Ohio, Inc., 2nd Dist. No. 07CA0018, 2007-Ohio-4616, at ¶ 27 (Grady, Wolf, and Fain, JJ.).
 {¶ 47} The protrusion of one box in a stack is inherent when boxes are stacked on top of each other, just as limited sight is inherent in a narrow passage between a pole and a stack of boxes. Appellant was fully aware of the stacks of boxes and the narrow passage between the pole and the boxes. In fact, appellant had already negotiated the passage between pole and boxes upon entering the aisle.
 {¶ 48} For this reason, courts hold that the nature of an open and obvious or any recognized hazard serves as a warning of aggravating circumstances caused by the *Page 14 
hazard. Armstrong, 2003-Ohio-2573, at ¶ 5, quoting Simmers v. BentleyConstr Co. (1992), 64 Ohio St.3d 642, 644 ("the open and obvious nature of the hazard itself serves as a warning").
 {¶ 49} The issue can be considered from another angle. Accepting, arguendo, the hazard at issue is the slight protrusion of one of the boxes in the stack, Dollar General is still entitled to summary judgment because such a defect is insubstantial and does not create an unreasonably dangerous condition in the premises. Raflo v. LosantivilleCountry Club (1973), 34 Ohio St.2d 1, 4 ("[i]njuries occasioned by insubstantial defects should not be actionable unless circumstances render them `unreasonably dangerous'") (citation omitted).
 {¶ 50} Such circumstances are generally defined as "any distraction that would come to the attention of a pedestrian in the same circumstances and reduced the degree of care an ordinary person would exercise at the time." McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 499 (citation omitted). Stated otherwise, "[t]he attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." Stockhauser v. Archdiocese of Cincinnati
(1994), 97 Ohio App.3d 29, 33 (citation omitted).
 {¶ 51} The majority finds such circumstances in the fact that appellant was "trying to circumvent between a pole and stack of boxes, and the fact that the other entrance of the aisle was blocked by more boxes." Supra, at ¶ 38. Neither of these purported circumstances renders the slight protrusion of one of the boxes unreasonably dangerous. Rather than diverting plaintiffs attention from the insubstantial hazard, they *Page 15 
should have served to focus appellant's attention and heightened her own sense of care. To say that appellant was distracted by a stack of boxes from noticing that one of the boxes was protruding slightly is to argue in a circle.
 {¶ 52} The situation is analogous to the effect darkness has on an insubstantial hazard. Rather than constituting an attendant circumstance augmenting the premises owner's duty of care, "`darkness' is always a warning of danger, and for one's own protection it may not be disregarded." Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph three of the syllabus. Thus, in Jeswald, where the plaintiff fell on a "minor imperfection" in a dark and slippery parking lot, the court held that plaintiff was chargeable "with full knowledge of those conditions" and "assumed the risk of a fall." Id. at 228; cf. Swonger v. MiddlefieldVillage Apts., 11th Dist. No. 2003-G-2547, 2005-Ohio-941, at ¶ 13
("[s]ince darkness itself constitutes a sign of danger, the person who disregards a dark condition does so at his or her own peril"); McCoy v.Kroger Co., 10th Dist. No. 05AP-7, 2005-Ohio-6965, at ¶ 16 ("darkness increases rather than reduces the degree of care an ordinary person would exercise").
 {¶ 53} In Wainscott v. Americare Communities Anderson Dev., LLC, 12th Dist. No. CA2006-12-308, 2007-Ohio-4735, as in the present case, plaintiff tripped on a stack of boxes lining a hallway which he was required to traverse. Id. at ¶ 5. The trial court granted summary judgment in defendant's favor on the grounds that "the stacked boxes were an open and obvious hazard which appellant could reasonably have been expected to discover." Id. at ¶ 7.
 {¶ 54} On appeal, the plaintiff argued "attendant circumstances" existed which created a genuine issue of material fact as to whether the boxes that caused his fall *Page 16 
were open and obvious, including inadequate lighting and the slight protrusion of the boxes. Id. at ¶¶ 13-22. The court of appeals rejected the argument, noting "the mere designation of any condition as an `attendant circumstance' does not create a genuine issue of material fact precluding summary judgment." Id. at ¶ 23. Considering the circumstances set forth by the plaintiff, the court concluded that "[n]one of these circumstances constitute an abnormal condition which would unreasonably increase the normal risk of harmful result or reduce the degree of care that an ordinary person would exercise in a similar situation. * * * Most are factors that should be considered when determining whether the stacked boxes were open and obvious." Id.
 {¶ 55} Likewise, there is no evidence in the present case that the stack of boxes on which appellant fell was any more or less hazardous than any other stack of boxes one would normally encounter. There is no basis for Dollar General's liability. Cf. Schaeffer v. DollarGeneral/Dollar General Corp., 2nd Dist. No. 2006 CA 4, 2006-Ohio-5766, at ¶ 11 ("The size, color, and location of the boxes at Dollar General lead us to conclude, as a matter of law, that they created an open and obvious hazard akin to the one discussed in Armstrong. Accordingly, Dollar General owed no duty to warn Schaeffer about the boxes, and summary judgment was properly granted in its favor.").
 {¶ 56} In sum, the boxes on which appellant fell were an open and obvious condition of which she was fully aware. It has often been said that the owners and lessees of premises are not "insurers" against all accidents occurring on the premises. S.S. Kresge Co. v. Fader (1927),116 Ohio St. 718, 723. The majority's conception of attendant circumstances, however, would render owners and lessees, in effect, insurers of their patrons' safety. The judgment of the trial court should be affirmed. *Page 1