[Cite as *Barr v. Waters Edge Retreat*, 2014-Ohio-4345.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Candy L. Barr, et al. | Court of Appeals No. E-14-019 |
| Appellants | Trial Court No. 2013-CV-0049 |
| v. | |
| A Waters Edge Retreat, et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided:  September 30, 2014 |

* * * * *

Christian R. Patno and Susan C. Stone, for appellants.

Timothy C. James and Lorri J. Britsch, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a judgment of the Erie County Court of

Common Pleas that granted summary judgment in favor of appellees on appellants'

complaint alleging injuries suffered as a result of Candy Barr's fall at a bed and breakfast owned and operated by appellees. For the reasons that follow, the judgment of the trial court is affirmed.

{¶ 2} Appellants Candy and James Barr set forth the following assignment of error:

> "The trial court committed reversible error in failing to find material issues of fact and in granting summary judgment to Defendant-Appellees A Water's Edge Retreat, as well as Timothy and Elizabeth Hermes, as a matter of law."

{¶ 3} The following undisputed facts are relevant to this appeal. On July 28, 2012, appellants James and Candy Barr arrived at A Water's Edge Retreat, a bed and breakfast owned for approximately 20 years by appellees Timothy and Elizabeth Hermes. The second-floor room booked by the Barrs is accessed by opening a door and climbing a stairway which leads directly to the private bed and bath area. Candy Barr "(Barr)" testified at deposition that there were no irregularities or defects in the stairway. Barr further testified that she and her husband fell asleep during the daylight hours on their first day at the resort and that, when she awoke during the middle of the night to use the bathroom, the room was totally dark. It is undisputed that she did not attempt to turn on any lights before walking toward the bathroom. Barr testified that she had earlier noticed a lamp on the nightstand next to the side of the bed where she was sleeping. When she got out of bed, Barr used her hands in the darkness to feel her way to the bathroom and,

2.

when her right hand felt an opening which she thought was the entrance to the bathroom, she stepped into what was actually the staircase. Barr fell down the staircase and sustained injuries.

{¶ 4} On January 22, 2013, appellants filed a complaint alleging negligence on the part of appellees A Water's Edge Retreat and Timothy and Elizabeth Hermes. Appellants alleged that appellees were liable for damages Candy Barr sustained when she fell down the stairwell. Appellants further alleged that the stairwell was a hazard and that appellees breached a duty owed them to protect them from a dangerous condition. On November 1, 2013, appellees filed a motion for summary judgment and on March 17, 2014, the motion was granted. This timely appeal followed.

{¶ 5} When reviewing a trial court's summary judgment decision, the appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment will be granted when there are no genuine issues of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978). When a properly supported motion for summary judgment is made, the adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

3.

{¶ 6} To maintain an action for negligence, the plaintiff must show that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries. *See Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981); *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 693 N.E.2d 271 (1988). It is undisputed that appellants herein were business invitees on the premises at the time of the accident. Generally, an owner or occupier of land owes an "invitee" a duty of ordinary care to maintain the premises in a reasonably safe condition and a duty to warn the invitee of "latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5. It is well-established, however, that a business owner is not an insurer of a customer's safety or against all types of accidents that may conceivably occur on his premises. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985).

{¶ 7} As the Supreme Court of Ohio has declared in *Presley v. City of Norwood*, 36 Ohio St.2d 29, 303 N.E.2d 81 (1973), in the absence of proof that the owner or its agents created the hazard, or that the owner or its agents possessed actual knowledge of the hazard, no liability may attach. *Id*. at 32. Further, Ohio courts have consistently recognized that darkness is an open and obvious condition that should not be disregarded. *See, e.g.*, *Witt v. Saybrook Invest. Corp.*, 8th Dist. Cuyahoga No. 90011, 2008-Ohio-2188, ¶ 21; *Swonger v. Middlefield Village Apts.*, 11th Dist. Geauga No. 2003-G-2547, 2005-Ohio-941, ¶ 13 ("[s]ince darkness itself constitutes a sign of danger, the person who

4.

disregards a dark condition does so at his own peril"); *McCoy v. Kroger Co.*, 10th Dist. No. 05AP-7, 2005-Ohio-6965, ¶ 16 ("darkness increases rather than reduces the degree of care an ordinary person would exercise"). In similar cases where a plaintiff has sought to recover against a property owner for injuries sustained as a result of stepping into darkness and then being injured by another object or danger, this court has applied the open-and-obvious doctrine and denied recovery. *See, e.g., Leonard v. Modene & Assocs., Inc.* 6th Dist. Wood No. WD-05-085, 2006-Ohio-5471; *Semprich v. County of Erie*, 6th Dist. Erie No. E-12-070, 2013-Ohio-3561.

{¶ 8} Here, appellant Candy Barr testified at deposition that it was totally dark when she awoke and got out of bed to use the bathroom. She acknowledged that she did not turn on the lamp on the table next to the bed; nor did she turn on any other light in the room. She began to walk toward the bathroom, knowing that there was a flight of stairs that led down from the bedroom. If she had turned on one of the lights in the bedroom, she would have seen the stairs. Appellant disregarded the open and obvious hazard that was the darkness. The material facts are not in dispute. Based on the foregoing, we find that reasonable minds can only reach one conclusion. Accordingly, appellants' sole assignment of error is not well-taken.

{¶ 9} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

E-14-019
Candy L. Barr, et al. v. A
Waters Edge Retreat, et al.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.       _____
                 JUDGE

Arlene Singer, J.

                _____
Thomas J. Osowik, J.        JUDGE
CONCUR.

                _____
                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.