[Cite as *Smith-Huff v. Wal-Mart Stores, Inc.*, 2015-Ohio-5238.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Stephanie Smith-Huff, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-454 |
| v. | : | (C.P.C. No. 13CV-13609) |
| Wal-Mart Stores, Inc., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 15, 2015

*Barr, Jones & Associates LLC,* and *Adam G. Burke,* for appellant.

*Reminger Co., LPA, Patrick Kasson,* and *Keona R. Padgett,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, Stephanie Smith-Huff ("Smith-Huff"), appeals from the decision of the Franklin County Court of Common Pleas granting defendant-appellee's, Wal-Mart Stores, Inc. ("Wal-Mart"), motion for summary judgment. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 18, 2013, Smith-Huff filed a complaint in the Franklin County Court of Common Pleas alleging that Wal-Mart was negligent, and therefore liable to her for injuries stemming from a trip and fall on December 18, 2011, at the Wal-Mart store located at 6674 Winchester Boulevard, Canal Winchester, Ohio ("the store"). (R. 5.)

{¶ 3}   Smith-Huff had been to the store before but was not a regular customer. (R. 53.) After shopping for about 45 minutes, Smith-Huff was walking forward, looking straight ahead and not at any items, and talking to a former co-worker when she fell forward. (R. 53.) Smith-Huff testified: "I went to walk forward and my left foot seemed to have been not moving. It was like I went to go lift my foot and then I just began to fall." (R. 53.) Wal-Mart does not dispute that Smith-Huff tripped over the bottom shelf of a display fixture, which the parties call an "endcap." (R. 5, 53, 55.)

{¶ 4}   Smith-Huff admits that the store was well lit, that nothing blocked her view of the endcap, and that she thinks she would have seen it if she had been looking down. (R. 53.) Smith-Huff was not carrying anything at the time, and, although she had a shopping cart, it was not directly in front of her. (R. 53.)  Additionally, the endcap was gray in color while the flooring was brown. (R. 53.)

{¶ 5}   Smith-Huff testified that, after her fall, she heard a store employee, who she assumed was a manager, ask other employees, "why wasn't there anything on the endcap." (R. 53.)  Smith-Huff testified that the manager then took either sweaters or gift boxes and set them on the endcap. (R. 53.)

{¶ 6}   On February 11, 2015, Wal-Mart moved for summary judgment on the grounds that it did not owe Smith-Huff a duty to protect her from the endcap because it was an open and obvious hazard. Wal-Mart argues that the undisputed facts reveal the endcap was large, was discernible from the floor, nothing blocked it from Smith-Huff's view, and Smith-Huff would have seen it had she looked down prior to her fall.

{¶ 7}   The trial court found that:

> [A]fter careful consideration, even in construing the facts in a light most favorable to Plaintiff, the Court finds the evidence is insufficient to create an issue of fact as to application of the open and obviousness doctrine. The photograph of the display plainly shows that the bottom shelf, even empty, is an open and obvious hazard. * * * Plaintiff testified that nothing blocked her view of the endcap, the store was well lit, and she likely would have seen the endcap had she been looking down. As noted by the Ohio Supreme Court, a premises owner is under no duty to protect a patron from dangers which are so obvious that one would "reasonably be expected to discover them and protect [oneself] against them." *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968). The Court finds that this is the circumstance presented here.

> Based on the foregoing, Defendant's Motion for Summary Judgment is well-taken and GRANTED. The Court finds that the hazard which caused Plaintiff's fall was open and obvious, and therefore, Defendant did not owe Plaintiff any duty of care with regard to said condition. Accordingly, judgment is hereby entered in favor of Defendant on the Complaint as a matter of law.

(Emphasis sic.) (Decision and Entry, 8-9.)

## II.  ASSIGNMENT OF ERROR

{¶ 8}   Smith-Huff appeals, assigning a single error:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR WAL-MART STORES, INC.

## III. MOTION FOR SUMMARY JUDGMENT PROPERLY GRANTED

{¶ 9}   Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Bank Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997). We must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).  However, the party against whom the motion for summary judgment is made is entitled to have the evidence most strongly construed in that party's favor.  Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 10} Ordinarily, the owners of premises are liable to an invitee who, although using due care for his own safety, is injured by reason of an unsafe condition of the premises which is known to the owner but not to the invitee and which the owner has negligently allowed to exist. *Englehardt v. Phillips*, 136 Ohio St. 73 (1939); *Black v. Kroger Co.*, 10th Dist. No. 87AP-499 (Mar. 22, 1988).  However, a premises owner is under no duty to protect a patron from dangers of which the patron is aware or which are so obvious that one would "reasonably be expected to discover them and protect [oneself] against them." *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968); *Ratcliff v. Wyandotte*

*Athletic Club, L.L.C.*, 10th Dist. No. 11AP-692, 2012-Ohio-1813, ¶ 16. "The doctrine's rationale is that because the open-and-obvious nature of the hazard itself serves as a warning, business owners may reasonably expect their invitees to discover the hazard and take appropriate measures to protect themselves against it." *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. No. 10AP-612, 2011-Ohio-2270, ¶ 11.

{¶ 11} "Open-and-obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection." *Lydic v. Lowe's Cos., Inc.*, 10th Dist. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. "A person does not need to observe the dangerous condition for it to be an 'open-and-obvious' condition under the law; rather, the determinative issue is whether the condition is observable" or if "plaintiff could have seen the condition if he or she had looked." *Thompson* at ¶ 12. "In cases where the danger giving rise to plaintiff's cause of action is found to be open and obvious, the open and obvious doctrine obviates the shopkeeper's duty to warn its invitees, and the doctrine acts as a complete bar to a claim for negligence." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 80, 2003-Ohio-2573, ¶ 5.

{¶ 12} "However, attendant circumstances can serve as an exception to the open and obvious doctrine." *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-451, 2010-Ohio-2774, ¶ 20. "This doctrine applies where the attendant circumstances are such as to divert the attention of the individual and significantly enhance the danger of the hazard and thus contribute to the fall." *Id.* "To serve as an exception to the open and obvious doctrine, an attendant circumstance must be 'so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise.' " *Id.*, quoting *Cummin v. Image Mart, Inc.*, 10th Dist. No. 09AP-541, 2004-Ohio-2840, ¶ 10. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." *Id.* "Although not an exhaustive list, attendant circumstances can include the following: poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would be easily distracted." *Id.* at ¶ 22.

{¶ 13} Smith-Huff urges this court to adopt the reasoning of the court in *Mulcahy v. Best Buy Stores, LP*, 5th Dist. No.13CAE060051, 2014-Ohio-1163. We note

that *Mulcahy* is not binding on this court and the facts regarding whether or not the "bottom shelf" in that action was open and obvious are distinguishable from the present facts. As such, this court is persuaded to follow our past precedent.

{¶ 14} We find that our decision in *Boroff v. Meijer Stores Ltd. Partnership*, 1oth Dist. No. o6AP-1150 (Mar. 30, 2007), supports Wal-Mart's argument. In *Boroff,* the plaintiff was walking around a display through what she apparently thought was an open space when she tripped over the decorative black skirt. *Id.* at ¶ 3. In affirming the trial court's award of summary judgment in favor of the defendant, we ruled that the display was an open and obvious hazard and that there were no attendant circumstances creating an exception to the open and obvious doctrine. *Id.* at ¶ 18-19.

{¶ 15} Here, Smith-Huff also apparently assumed the space was empty, without looking, and walked into the endcap. Smith-Huff admitted nothing blocked her view and that she was simply looking straight ahead and did not notice the endcap jutting out from the display. She did not testify, nor has she argued, that she was distracted in any manner. Smith-Huff admitted that nothing was blocking her view, the store was well-lit, and that she would have seen the endcap had she been looking down. Smith-Huff's own photograph is also compelling evidence that the display was open and obvious, and was not hidden or non-discoverable upon ordinary inspection.

{¶ 16} Based on our review of the undisputed facts and the relevant law, we agree with the trial court that the endcap was open and obvious. Also, there were no attendant circumstances creating an exception to the open and obvious doctrine. Therefore, there is no genuine issue of material fact for trial. For the foregoing reasons, Smith-Huff's assignment of error is overruled.

## IV. DISPOSITION

{¶ 17} Having overruled Smith-Huff's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J. and SADLER, J., concur.