[Cite as *Moyer v. Brown*, 2019-Ohio-825.]

# THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

LINDA MOYER, ET AL.,

    PLAINTIFFS-APPELLANTS,

    CASE NO. 13-18-37

  v.

MCCLELLAND J. BROWN
LIVING TRUST, ET AL.,

    O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Seneca County Common Pleas Court
Trial Court No. 17-CV-0311

**Judgment Affirmed**

**Date of Decision:  March 11, 2019**

APPEARANCES:

    *Jeffrey Swiech* **for Appellants**

    *Clark D. Rice* **for Appellee, McClelland J. Brown Living Trust**

**WILLAMOWSKI, J.**

{**¶1**} Plaintiffs-appellants Linda L. Moyer ("Linda") and Daniel N. Moyer (collectively "the Moyers") appeal the judgment of the Seneca County Court of Common Pleas for granting the defendant's motion for summary judgment. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} On October 19, 2015, Linda was going to the Bureau of Motor Vehicles ("BMV") in Tiffin, Ohio. Tr. 12. The BMV is located on a property that is owned by the McClelland J. Brown Living Trust ("the Brown Trust"). Doc. 53. Linda pulled her car into a handicapped parking space in front of the BMV. Tr. 71. She alleges that, as she was getting out of her car, she stepped into a pothole and fell. Tr. 66. As the result of this fall, Linda lacerated her knee and fractured her ankle. Tr. 82-83, 91. She also damaged an implanted pain stimulator, which required a surgical intervention to repair. On October 18, 2017, the Moyers filed a personal injury action against the Trust. Doc. 2. The Brown Trust filed a motion for summary judgment on June 1, 2018, arguing that this pothole was an open and obvious condition. Doc. 43. The trial court granted the Brown Trust's motion for summary judgment on October 23, 2018. Doc. 58.

*Assignment of Error*

{**¶3**} Appellants filed their notice of appeal on November 13, 2018. Doc. 59. On appeal, appellants raises the following assignment of error:

**The trial court erred where it granted summary judgment in favor of McClelland J. Brown Living Trust.**

The Moyers argue that the question of whether the pothole was an open and obvious condition is a genuine issue of material fact that remains in dispute.

*Legal Standard*

{¶4} Appellate courts consider a summary judgment order under a de novo standard of review. *James B. Nutter & Co. v. Estate of Neifer*, 3d Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 5. Since the use of this procedural device ends the legal proceeding in its initial stages, a motion for summary judgment must be granted with caution. *Ditech Financial, LLC v. Akers*, 3d Dist. Union No. 14-18-02, 2018-Ohio-2874, ¶ 7. Under the Ohio Rules of Civil Procedure,

> **[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law * * *. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.**

Civ.R. 56(C). "The party moving for summary judgment has the initial burden 'to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact.'" *Middleton v. Holbrook*, 3d Dist. Marion No. 9-15-

47, 2016-Ohio-3387, ¶ 8, quoting *Reinbolt v. Gloor*, 146 Ohio App.3d 661, 664, 767 N.E.2d 1197 (3d Dist. 2001).

**{¶5}** "The burden then shifts to the party opposing the summary judgment." *Id*. "In order to defeat summary judgment, the nonmoving party may not rely on mere denials but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E). "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party * * *." *Bates Recycling, Inc. v. Conaway*, 2018-Ohio-5056, --- N.E.3d ---, ¶ 11 (3d Dist.), quoting *Webster v. Shaw*, 2016-Ohio-1484, 63 N.E.3d 677, ¶ 8 (3d Dist.).

**{¶6}** "To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10. In a negligence case alleging premises liability, "the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) continues to define the scope of the legal duty that the landowner owes the entrant." *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). "Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." *Id*. "A shopkeeper ordinarily owes its business invitees a duty of ordinary

care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5.

{¶7} "When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Id.* "The 'open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property." *Howard v. Meat City, Inc.*, 3d Dist. Allen No. 1-16-32, 2016-Ohio-7989, ¶ 10, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

> **In general, "[o]pen-and-obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection[.]"** *Thompson v. Ohio State Univ. Physicians, Inc.*, **10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, ¶ 12. However, an individual "does not need to observe the dangerous condition for it to be an 'open-and-obvious' condition under the law; rather, the determinative issue is whether the condition is observable."** *Id.* **at ¶ 12. Thus, "[e]ven in cases where the plaintiff did not actually notice the condition until after he or she fell, [courts have] found no duty where the plaintiff could have seen the condition if he or she had looked."** *Id.*

*Shipman v. Papa John's*, 3d Dist. Shelby No. 17-14-17, 2014-Ohio-5092, ¶ 22.

> **The rationale underlying this doctrine is 'that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'**

*Armstrong* at ¶ 5, quoting *Simmers* at 644.

{¶8} However, the open and obvious doctrine will not be applied if the attendant circumstances exception applies. "An attendant circumstance is any significant distraction that would divert the attention of a reasonable person in the same situation and thereby reduce the amount of care an ordinary person would exercise to avoid an otherwise open and obvious hazard." *Haller v. Meijer, Inc.*, 10th Dist. Franklin No. 11AP-290, 2012-Ohio-670, ¶ 10.

> **To serve as an exception to the open and obvious doctrine, an attendant circumstance must be 'so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise.'** ***Mayle v. Ohio Dept. of Rehab. & Corr.***, **10th Dist. Franklin No. 09AP-541, 2010-Ohio-2774, ¶ 20 quoting** ***Cummin v. Image Mart, Inc.***, **10th Dist. [Franklin] No. 03AP-1284, 2004-Ohio-2840, ¶ 10. '[A]ttendant circumstances are facts that significantly enhance the danger of the hazard.'** ***Haller, supra***, **at ¶ 10. Furthermore, the attendant circumstance must be an 'unusual circumstance of the property owner's making.'** ***Id.***, **quoting** ***McConnell v. Margello***, **10th Dist. No. 06AP-1235, 2007-Ohio-4860, ¶ 17. 'Attendant circumstances do not, though, include regularly encountered, ordinary, or common circumstances.'** ***Colville v. Meijer Stores Ltd. Partnership***, **2d Dist. Miami No. 2011-CA-011, 2012-Ohio-2413, ¶ 30, citing** ***Cooper v. Meijer***, **10th Dist. Franklin No. 07AP-201, 2007-Ohio-6086, ¶ 17.**

*Shipman* at ¶ 29. "An attendant circumstance is usually an active event as opposed to a static condition." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 17. "The attendant circumstances *must* * * * divert the attention of the pedestrian * * * and contribute to the fall." (Emphasis added.) *Smith v. House of Hunan*, 3d Dist. Marion No. 9-07-54, 2008-Ohio-1783, ¶ 7, quoting *Huey v. Neal*, 152 Ohio App.3d 146, 2003-Ohio-391, 787 N.E.2d 23, ¶ 10 (3d Dist.).

*Legal Analysis*

**{¶9}** In this case, Linda was an invitee as she was going to this property for the purpose of transacting business at the BMV. Tr. 70. Thus, the owner of these premises had a duty to warn Linda only of dangerous conditions that are "latent and hidden" and is not liable for negligence claims arising from open and obvious conditions. *Armstrong, supra*, at ¶ 5. At a deposition, Linda testified that she drove to the BMV in the morning and that the parking lot was "well lit." Tr. 66. She also stated that the weather was not inclement and that the parking lot was not icy. Tr. 66. Linda said that she pulled into a handicapped parking space in front of the BMV. Tr. 73.

**{¶10}** Linda then testified that she did not look at the pavement before she set her left foot on the ground outside of her car. Tr. 76. She stated that she could not recall whether she looked at the pavement before she put her right foot on the ground outside of her car.[1] Tr. 78. She also was not wearing her glasses at the time she was exiting her vehicle. Tr. 76-77. After she had both of her feet on the ground, she shut her car door. Tr. 76. She then stumbled over a pothole in the parking lot and fell to the ground. Tr. 76.

---

[1] During the deposition, Linda was asked whether she looked at the pavement before she stepped onto the ground outside of her car. She responded by saying: "when I got out of my car and my right foot got out, no, I didn't, I did not." Tr. 77. However, she was later asked whether she looked at the pavement before she put her right foot on the ground and stated that she did not recall. Tr. 78.

{¶11} She said at the deposition that she fell "exclusively" because of the pothole and that there was no debris, litter, moisture, rubbish, or oil around the pothole that contributed to her fall. Tr. 104. She said the hole was three inches deep and large enough for her to fit her shoe inside of it. Tr. 103. She also said she could see the hole after she fell. Tr. 103. Linda's testimony does not establish that the pothole was undiscoverable or hidden. Rather, the evidence in the record indicates that this large pothole was observable. "The fact that [Linda] was not looking at the pavement does not alter the condition from being open and obvious." *Howard, supra*, at ¶ 19, quoting *Shipman, supra*, at ¶ 25.

{¶12} In their brief, appellants argue that the attendant circumstances exception to the open and obvious doctrine applies in this case. Appellants point to the fact that the appellees, in this case, designated the handicapped parking space and directed people with disabilities to use this specific spot to park their cars. We begin our analysis of this argument by noting that the pothole was not in the handicapped parking space but was in the adjacent parking space. Ex. B, C, D, I. Linda's testimony indicated that she got out of her vehicle, shut the car door, and then fell because of the pothole. Thus, while this argument is framed around the condition of the handicapped parking space, the complaint, in fact, arises from the condition of the parking lot outside of the handicapped parking space.

{¶13} Further, the designation of a handicapped parking space is not abnormal. Similarly, a pothole located in an area near a handicapped parking space

is also not abnormal. Potholes in parking lots—located around handicapped parking spaces or regular parking spaces—are "regularly encountered, ordinary, [and] common circumstances." *Colville, supra*, at ¶ 30. Critically, the evidence in the record does not indicate that the handicapped parking space "divert[ed] [Linda's] attention" from the pothole. *Smith, supra*, at ¶ 7. Linda testified that she fell "exclusively" because of the pothole and did not cite any of markings that designated the parking space as conditions that diverted her attention from the surface of the pavement. Tr. 104. We also note that the designation of the handicapped parking space was "a static condition" on the premises and not "an active event," further distinguishing the designation of a handicapped parking space from the typical attendant circumstance. *Carnes* at ¶ 17.

{¶14} Based on Linda's deposition testimony, there is no genuine issue of material fact as to whether the pothole was an open and obvious condition—"that is, the hole was observable and was not hidden, concealed from view, or undiscoverable." *Howard, supra,* at ¶ 19. Further, Linda's arguments do not establish that the attendant circumstance exception is applicable to this case. Thus, this negligence claim must fail. For these reasons, we find that the trial court did not err in granting the Brown Trust's motion for summary judgment. The appellants' sole assignment of error is overruled.

*Conclusion*

**{¶15}** Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgment of the Seneca County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/hls**