[Cite as *Scott v. Harrisburg Petroleum, L.L.C.*, 2020-Ohio-3431.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Robert Scott,                              :

  Plaintiff-Appellant,        :

                 No.19AP-413
v.                                                :        (C.P.C. No. 17CV-7440)

Harrisburg Petroleum, L.L.C. et al.,  :        (REGULAR CALENDAR)

  Defendants-Appellees.      :

---

D E C I S I O N

Rendered on June 23, 2020

---

**On brief:** *Walton & Brown, LLP*, and *Chanda L. Brown*, for appellant. **Argued:** *Chanda L. Brown*.

**On brief:** *Caborn & Butauski Co. LPA*, and *Joseph A. Butauski*, for appellees. **Argued:** *Joseph A. Butauski*.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Robert Scott, appeals the decision of the Franklin County Court of Common Pleas granting defendant-appellee, Harrisburg Petroleum, L.L.C.'s, motion for summary judgment. We overrule appellant's single assignment of error and affirm the trial court's judgment.

{¶ 2} Harrisburg Petroleum owns and operates a Mobile gas station on Route 62 in Harrisburg, Ohio. On the evening of July 10, 2016, Scott and his wife visited the gas station for a fill-up. Scott's wife was driving and he was in the passenger seat. After the car pulled up to a gas pump on the driver's side, Scott exited the passenger side of the vehicle and walked around the front toward the pump so that he could fill the tank. As he turned

No. 19AP-413

around the front of the vehicle, Scott stepped into a pothole, fell, and was injured. The hole was approximately two feet in diameter, about 5-6 inches deep, and apparently contained some fill rock.

{¶ 3} Scott was very familiar with the gas station and its lot, as it was approximately four miles from his home and he estimated they visited there twice per month. He had seen potholes at the gas station on previous occasions but had not seen this particular pothole, and those other potholes were not in the gas pumping area. He stated the pothole was visible from approximately 20 feet away, under the same light conditions to which he was subject the night he fell. He also admitted he was not looking at the ground while he was walking, and that if he had been looking at the ground he would have seen the pothole. The owner of Harrisburg Petroleum stated the pothole had actually been created by a company he hired to repair gas pump lines that had been damaged in an attempted robbery, and testified the pothole had been created during the repairs.

{¶ 4} Harrisburg Petroleum filed a motion for summary judgment on November 29, 2018, arguing that it owed no special duty of care to Scott to protect him from the pothole because it was an open-and-obvious danger. Scott's response argued there were attendant circumstances that should prevent application of the open-and-obvious doctrine: his vehicle obscured his view of the pothole, he had no reason to expect that there would be a pothole in that location, he was distracted by traffic and by the task associated with pumping gas, and the pothole was difficult to perceive due to its color and position. But, on June 19, 2019, the trial court granted Harrisburg Petroleum's motion and held that the pothole was open and obvious:

> Upon consideration, however, the Court finds that the aforementioned circumstances comprise a common scenario found at a gas station and that none of the factors identified obscured Plaintiff's view of the pothole in question. Furthermore, the Court finds that the circumstance was not beyond Plaintiff's control as he could have easily seen the pothole had he looked. Therefore, the Court finds this condition open and obvious and finds no negligence on the part of Defendant.

(June 19, 2019 Decision & Entry at 5-6.).

No. 19AP-413

{¶ 5} This timely appeal followed, and Scott now asserts a single assignment of error: "The trial court erred when it granted the motion for summary judgment filed by Harrisburg Petroleum, LLC."

{¶ 6} Civ.R. 56(C) provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Supreme Court of Ohio has explained this rule as follows:

> Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. The burden of showing that no genuine issue of material fact exists falls upon the party who files for summary judgment.

*Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. In deciding a motion for summary judgment, the trial court must give the nonmoving party "the benefit of all favorable inferences when evidence is reviewed for the existence of genuine issues of material facts." *Id.* at ¶ 25. And when reviewing a trial court's decision on summary judgment, an appellate court's review is de novo, and the court applies the same standards as the trial court. *Bonacorsi v. Wheeling & Lake Erie Ry.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. Accordingly, we have conducted an independent review of the record since we stand in the same shoes as the trial court. *See, e.g., Jones v. Shelly Co.* 106 Ohio App.3d 440, 445 (5th Dist.1994).

{¶ 7} An owner "owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Liggins v. Giant Eagle McCutcheon & Stelzer*, 10th Dist. No. 17AP-383, 2019-Ohio-1250, ¶ 13, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). But when applicable, the "open-and-obvious doctrine" operates as an exception to that duty and acts as a complete bar to a negligence claim. In *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, the Supreme Court held that Ohio adheres to the open-and-obvious doctrine in premises liability cases and held that "[w]here

No. 19AP-413

a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Id.* at ¶ 14, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968). The rationale underlying the doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992). "[T]he existence and obviousness of an alleged danger requires a review of the underlying facts." *Johnson v. Am. Italian Golf Assn. of Columbus*, 10th Dist. No. 17AP-128, 2018-Ohio-2100, ¶ 16, quoting *Freiburger v. Four Seasons Golf Ctr., L.L.C.*, 10th Dist. No. 06AP-765, 2007-Ohio-2871, ¶ 11. The question is whether the material facts demonstrate "whether the danger was free from obstruction and readily appreciated by an ordinary person." *Freiburger* at ¶ 11. "If there is no genuine issue as to these material facts, that is, if reasonable minds could not differ about them, then, as a matter of law, a court may decide that an alleged hazard is open and obvious." *Johnson* at ¶ 16, citing *Freiburger* at ¶ 11. Moreover, the plaintiff " 'does not need to observe the dangerous condition for it to be an "open-and-obvious" condition under the law; rather, the determinative issue is whether the condition is observable' or if [the] 'plaintiff could have seen the condition if he or she had looked.' " *Smith-Huff v. Wal-Mart Stores, Inc.*, 10th Dist. No. 15AP-454, 2015-Ohio-5238, ¶ 11, quoting *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. No. 10AP-612, 2011-Ohio-2270, ¶ 12.

{¶ 8}    But the open-and-obvious exception to the duty of reasonable care owed to business invitees is itself subject to an exception, as "[a]ttendant circumstances can create an exception to the open-and-obvious doctrine." *Rawlings v. Springwood Apts. of Columbus, Ltd.*, 10th Dist. No. 18AP-359, 2018-Ohio-4845, ¶ 26, quoting *Johnson* at ¶ 20. *See also Cooper v. Meijer Stores Ltd. Partnership*, 10th Dist. No. 07AP-201, 2007-Ohio-6086, ¶ 14 ("Even when a plaintiff admits not seeing an obstacle because he or she never looked down, a jury question may arise if attendant circumstances distracted him or her."). "An attendant circumstance is a factor that contributes to the fall and is beyond the control of the injured party." *Cooper* at ¶ 15, citing *Backus v. Giant Eagle, Inc.*, 115 Ohio App.3d 155, 158 (7th Dist.1996). An "attendant circumstance" is a "significant distraction that would divert the attention of any reasonable person in the same situation and thereby reduce the amount of care an ordinary person would exercise to avoid an otherwise open and obvious hazard." *Haller v. Meijer, Inc.*, 10th Dist. No. 11AP-290, 2012-Ohio-670, ¶ 10.

No. 19AP-413

"The attendant circumstances must be so abnormal as to unreasonably increase the normal risk of an ordinary person, or so as to reduce the ordinary person's degree of care." *Johnson* at ¶ 20.

{¶ 9} Finally, we observe that "[a]ppellate courts typically view darkness as a circumstance that increases, rather than decreases, the degree of care an ordinary person would exercise." *Rawlings* at ¶ 32, citing *Jeswald v. Hutt*, 15 Ohio St.2d 224, 227 (1968) (" 'Darkness' is always a warning of danger, and for one's own protection it may not be disregarded."). *See also Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 22 (finding darkness to not be an attendant circumstance where the plaintiff admitted he was not looking down at the ground at the time of the accident despite his belief that the area was poorly lit); *McCoy v. Kroger Co.*, 10th Dist. No. 05AP-7, 2005-Ohio-6965, ¶ 14-16 (finding darkness was not an attendant circumstance sufficient to avoid the application of the open-and-obvious doctrine where the plaintiff testified that nothing distracted him and he was looking straight ahead instead of at the ground while he exited his truck); and *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-787, 2013-Ohio-5106, ¶ 17 (noting "inadequate lighting acts as a warning itself to proceed with caution").

{¶ 10} Scott argues that the open-and-obvious doctrine does not apply in this case because of attendant circumstances, and points to four arguments: (a) the pothole was concealed from view by his vehicle, (b) he did not have exact knowledge of where the pothole was located, (c) he was distracted by the act of pumping and the vehicular traffic, and (d) the pothole was difficult to see due to its color and position. But these arguments are unavailing. The fact that the pothole was concealed by Scott's vehicle and the fact that he did not have exact knowledge of the pothole's location do not qualify as "attendant circumstances" under the law, since they were not circumstances created by the property owner. *McConnell v. Margello*, 10th Dist. No. 06AP-1235, 2007-Ohio-4860, ¶ 17, citing *Lang v. Holly Hill Motel, Inc.*, 4th Dist No. 06CA1 8, 2007-Ohio-3898, ¶ 25. Similarly, neither vehicle traffic nor pumping gas are "attendant circumstances" under the law, as they are within the intended and expected nature of a gas station and are not the kind of "abnormal" distractions that would "unreasonably increase the normal risk of an ordinary person, or so as to reduce the ordinary person's degree of care." *Johnson* at ¶ 20. By Scott's

No. 19AP-413

own admission he had not yet begun pumping gas at the time he fell, and there is no other evidence that "the traffic in the parking lot at the time she fell was different than that a shopper ordinarily would encounter." *See Cooper,* 2007-Ohio-6086 at ¶ 18.  Finally, the fact that the pothole may have been difficult to see due to its color is a quality of the danger itself and is also not an "attendant circumstance" in that Scott's attention was not "diverted or distracted" by the pothole, *Rawlings* at ¶ 35, and he in fact admitted that he would have seen the pothole if he had been looking at the ground.

{¶ 11}  Upon a thorough and independent review of the record, and giving Scott the benefit of all favorable inferences in the evidence, we cannot say there is a genuine issue of material fact as to the existence of any attendant circumstances that would remove this case from the operation of the open-and-obvious doctrine. Accordingly, we conclude the trial court did not err in granting summary judgment to Harrisburg Petroleum. Scott's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas in this case is affirmed.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

_____