[Cite as *Butler v. TriHealth, Inc.*, 2022-Ohio-4354.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| TINA BUTLER, | : | APPEAL NO. C-220152 |
| | | TRIAL NO. A-2002951 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| TRIHEALTH, INC., | : | |
| BETHESDA HOSPITAL, INC., | : | |
| and | : | |
| BETHESDA NORTH HOSPITAL, | : | |
| Defendants-Appellees. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: December 7, 2022


*Scott A. Wolf*, for Plaintiff-Appellant,

*Rendigs, Fry, Kiely & Dennis, LLP*, *Brian D. Goldwasser* and *Hannah E. McCarthy*,
for Defendants-Appellees.

**MYERS, Presiding Judge.**

{¶1}   Plaintiff-appellant Tina Butler appeals the trial court's granting of summary judgment in favor of defendants-appellees TriHealth, Inc., Bethesda Hospital, Inc., and Bethesda North Hospital ("TriHealth"), on Butler's complaint for negligence stemming from injuries she sustained after stepping in a two-to-three-inch depression in the pavement of a hospital parking lot.

{¶2}   In a single assignment of error, Butler argues that the trial court's grant of summary judgment was in error.  Because the open and obvious nature of the depression in the pavement negated any duty by TriHealth to warn Butler of the hazard, we find her argument to be without merit and affirm the trial court's judgment.

### *Factual and Procedural Background*

{¶3}   On the night of September 6, 2018, Butler parked her car in a parking space in the visitor parking lot at Bethesda North Hospital.  Directly in front of her car was a cement curb bordering a grass berm.  A sidewalk crossing the grass berm was located a few parking spaces away.  Rather than walking behind her car to the nearby sidewalk, Butler got out of her car and walked directly in front of her car to cross what she described as the "grass hump" in order to access the "walking path."  According to Butler, "When I began to walk[] in front of my vehicle, I noticed what appeared to be an old oil spot, however, it turned out to be a hole, I injured my ankle. * * * As I took another step, my ankle got twisted in the asphalt hole."  Butler described the "hole" as a "fairly deep indentation," that was about "2 or 3 inches" deep.

{¶4}   Butler was treated in the hospital's emergency room for an avulsion fracture of the ankle.  Upon her release from the emergency room, Butler and her cousin took photographs of the area where she fell.

{¶5}   Butler filed a negligence action against TriHealth.  After taking Butler's deposition, TriHealth moved for summary judgment.  Relying on relevant portions of

Butler's testimony and on photographs of the parking lot that had been produced for TriHealth by Butler's counsel, TriHealth argued that it could not be held liable for Butler's injuries because the hazard into which she fell was open and obvious.

{¶6}   The trial court granted summary judgment in favor of TriHealth after determining that "[t]he darkness and the ultimately visible hole, even if Plaintiff mistook it for an oil spill, were open and obvious dangers which the Plaintiff did not heed." This appeal followed.

### The Photographs

{¶7}   Although not raised as an assignment of error, Butler now asserts that photographs attached to TriHealth's summary-judgment motion were not admissible because they were not properly authenticated under Evid.R. 901. We note that the trial court made no mention of the photographs in its decision. In finding that the hazard was open and obvious, the court pointed only to Butler's affidavit, in which she admitted that as she walked in front of her car, she saw what appeared to be an oil mark, but turned out to be a hole.

{¶8}   Nonetheless, we find no abuse of discretion by the trial court if it considered the photographs in ruling on the summary-judgment motion. TriHealth supported its motion with excerpts from Butler's deposition testimony and with defense counsel's affidavit, attached to which were 20 color photographs "produced by counsel for Plaintiff[.]"

{¶9}   The excerpts from Butler's deposition testimony revealed that she referred to photographs she had taken of the parking lot when she described the area where she fell and that those photographs would later be provided to defense counsel:

[DEFENSE COUNSEL]: Okay. Are those digital images?

[PLAINTIFF]: They were from my cell phone.

[DEFENSE COUNSEL]: [Plaintiff's counsel], do you have the digital copies or do you just have printouts.

[PLAINTIFF'S COUNSEL]:  I think she - - I sent them to Walgreens and I just got them, you know.  I might still have them, how she sent them to me on my e-mail.  I think she did that.  So I could forward those to you.  I didn't realize I didn't send them to you.  When I started hearing your questions I was like, uh-oh.  I thought I'd just interrupt you real quick to tell you there are photographs of it that would probably make it easier to point exactly where she was at.

[DEFENSE COUNSEL]:  Yeah, it would.

[DEFENSE COUNSEL]:  Mrs. Butler, do you still have those pictures on your phone, do you know?

[PLAINTIFF]:  I don't think I still have them on my phone, but I have them on my computer.

[DEFENSE COUNSEL]:  All right.  Can you resend those from your computer to [plaintiff's counsel] just to make it easier for him to find them.  You don't have to do it this second, but when we're done with the deposition[.]

* * *

[DEFENSE COUNSEL]:  Let me stop you for a second.  So there's, and again I don't have the photos, but there's a grassy mound that - - -

[PLAINTIFF'S COUNSEL]:  I'm trying to hold up the picture.

[DEFENSE COUNSEL]: [Plaintiff's counsel], hold that up one more time.  Lift it up.  Yeah, that's kind of where I thought you were.  So let me - - you're too low, I see the lights.  Lift it up higher.

[DEFENSE COUNSEL]:  All right, there's this concrete little area in front of your car; is that the area where you stumbled?

4

[PLAINTIFF]: Yeah, that is the little area there.

[DEFENSE COUNSEL]: Actually, it's not concrete, I see a drainage ditch in the next spot over. Did you stumble on the edge of the drainage ditch?

[PLAINTIFF]: No, it's in front of the car there. So you can't - - it just looks like an oil spot, but it's a hole.

[DEFENSE COUNSEL]: I see.

[DEFENSE COUNSEL]: All right, thanks, [plaintiff's counsel].

[PLAINTIFF'S COUNSEL]: This shows it a little better. I'm sorry, [defense counsel].

[DEFENSE COUNSEL]: No, no, you're fine.

[PLAINTIFF'S COUNSEL]: I'm sorry.

[DEFENSE COUNSEL]: Look, COVID really messed everybody up with being in the office and having files and knowing where everything is. So I'm not too worried about it.

[DEFENSE COUNSEL]: So in front of your car, I just want to make sure I've got the record clear, in front of your car you took a picture and there's a couple little darker spots on the picture that you're saying are depressions in the parking lot, right?

[PLAINTIFF]: Yeah, it was pretty much a hole.

[DEFENSE COUNSEL]: Okay. And it's hard to tell from the photo that I was just shown, but do you know how deep this hole was?

[PLAINTIFF]: I would say it was 2 or 3 inches, I mean, it was a fairly deep indentation.

**{¶10}** In addition, defense counsel's affidavit contained the following statement:

5

On May 27, 2021, I had an opportunity to depose Plaintiff Tina Butler. At the time of the deposition[,] I was informed that Plaintiff had taken a number of photographs of the area of the parking lot where she claims to have sustained an injury. Several were taken at night following the incident of September 6, 2018. Additional photographs were taken during the day on May 26, 2021. 20 photographs of the parking lot were produced by counsel for Plaintiff on June 4, 2021.

{¶11} In Butler's memorandum in opposition to the motion, she raised no objection to the photographs attached to defense counsel's affidavit. Instead, she attached her own affidavit and the affidavit of her cousin, both of which referred to a single photograph, which was clearly a black-and-white version of one of the color photographs attached to defense counsel's affidavit. The photograph, taken the night of the incident, showed a portion of a parking space between a curb and the front of a car. The cousin's affidavit stated that the photograph "properly shows the hole was not noticeable at the time Tina Butler fell." Butler's affidavit stated that the photograph "*is a fair and accurate photograph of the parking lot at night when I fell.*" (Emphasis added.) But she also stated that the photograph "shows the defect of the parking lot when there is proper lighting. It is not a true and accurate photograph of what I was able to see when exiting my vehicle on September 6, 2018." The color version of the photograph, attached to defense counsel's affidavit, shows that the depression in the pavement in front of Butler's car was readily observable.

{¶12} On this record, we hold that defense counsel's affidavit was "sufficient to support a finding that the matter in question [was] what its proponent claim[ed]." Evid.R. 901(A). He claimed that the photographs had been produced by plaintiff's counsel following Butler's deposition and that they were the photographs she testified about. Therefore, we hold that the photographs attached to TriHealth's summary-judgment motion were properly authenticated.

6

**{¶13}** In Butler's deposition testimony, she specifically referred to the photographs' depiction of the hazard and said that she had retained the photographs in digital form on her computer. Defense counsel asked that she send them in that form to her counsel. And defense counsel's affidavit makes clear that he received those images from plaintiff's counsel. Consequently, we cannot say that the trial court abused its discretion if it considered the photographs in ruling on TriHealth's summary-judgment motion.

### *Summary Judgment*

**{¶14}** We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party. *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

### *Open and Obvious*

**{¶15}** To prevail on a negligence claim, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) an injury proximately resulted from the defendant's breach of that duty. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10. If no duty exists, "then there can be no liability for negligence." *Snay v. Burr*, 167 Ohio St.3d 123, 2021-Ohio-4113, 189 N.E.3d 758, ¶ 14.

**{¶16}** In the premises-liability context, the applicable duty is determined by the relationship between the premises owner and the plaintiff. *Collett v. Sharkey*, 1st Dist. Hamilton No. C-200446, 2021-Ohio-2823, ¶ 9. It is undisputed that Butler was a business invitee and that TriHealth owned the premises. Therefore, TriHealth owed Butler a duty of ordinary care to maintain the premises in a reasonably safe condition

and to warn her of latent or hidden dangers. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5.

{¶17} But where a hazard is open and obvious, a premises owner owes no duty of care to those who are lawfully on the premises. *Id.* at syllabus. This is because the open and obvious nature of the hazard itself serves as a sufficient warning. *Id.* at ¶ 5. Individuals entering the premises may reasonably be expected to recognize an open and obvious hazard and take appropriate measures to protect themselves. *Id.* "[T]he open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Id.*

{¶18} A hazard is open and obvious if it is one that is not "hidden, concealed from view, or undiscoverable upon ordinary inspection." *Esterman v. Speedway LLC*, 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, ¶ 7, quoting *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, ¶ 12. "[A] person does not have to actually see the dangerous condition prior to the fall in order for the condition to be open and obvious, and courts have found no duty to warn existed where the condition could have been seen had a person looked." *Id.*

{¶19} Courts have found that defects in parking-lot surfaces are open and obvious hazards where the defect was not hidden and where, had the plaintiff looked, the defect would have been observable. *See Moyer v. McClelland J. Brown Living Trust*, 2019-Ohio-825, 124 N.E.3d 853, ¶ 11 (3d Dist.) (fact that plaintiff was not looking at the pavement did not alter the fact that pothole was observable); *Guthrie v. Giant Eagle, Inc.*, 7th Dist. Mahoning No. 20 MA 0091, 2021-Ohio-1268, ¶ 56 (plaintiff admitted that she would have seen the hazard of cracked asphalt had she looked); *Scott v. Harrisburg Petroleum, L.L.C.*, 10th Dist. Franklin No. 19AP-413, 2020-Ohio-3431, ¶ 3, 11 (even though plaintiff was not looking at the ground while he walked, pothole was visible from 20 feet away).

{¶20} Generally, whether a danger is open and obvious is a question of law, but the presence of attendant circumstances can create an issue of fact. *McLaughlin v. Andy's Coin Laundries, LLC*, 2018-Ohio-1798, 112 N.E.3d 57, ¶ 15 (1st Dist.). Attendant circumstances are "distractions that contribute to an injury by diverting the attention of the injured party and reduce the degree of care an ordinary person would exercise at the time." *Id.*, quoting *Galinari v. Koop*, 12th Dist. Clermont No. CA2006-10-086, 2007-Ohio-4540, ¶ 21. Attendant circumstances must be more than "regularly encountered, ordinary, or common circumstances." *Esterman* at ¶ 11, quoting *Colville v. Meijer Stores, Ltd.*, 2d Dist. Miami No. 2011-CA-011, 2012-Ohio-2413, ¶ 30. And attendant circumstances do not include the individual's activity at the time of the fall unless the individual's attention was diverted by "an unusual circumstance of the property owner's own making." *Id.*, quoting *McConnell v. Margello*, 10th Dist. Franklin No. 06AP-1235, 2007-Ohio-4860, ¶ 17.

{¶21} Although Butler does not describe them as attendant circumstances, she points to various conditions that she asserts hindered her opportunity to see the depression in the pavement, including the darkness, the depression's position in front of her car, and that the depression "was the same color as the pavement." However, none of these conditions rise to the level of attendant circumstances sufficient to create a genuine issue of material fact as to whether the depression in the pavement was open and obvious.

{¶22} Butler acknowledges that the trial court noted that "it was dark" in the parking lot, but she complains that the court "failed to mention the parking lot was extremely dark which is uncontroverted in the record." However, this distinction does nothing to help Butler because darkness itself is considered an open and obvious warning of danger "and for one's own protection it may not be disregarded." *Jeswald v. Hutt*, 15 Ohio St.2d 224, 227, 239 N.E.2d 37 (1968); *McCoy v. Kroger Co.*, 10th Dist. Franklin No. 05AP-7, 2005-Ohio-6965, ¶ 14; *Roberts v. Kauffman 4 Dayton, Ltd.*, 2d

9

Dist. Montgomery No. 29412, 2022-Ohio-3164, ¶ 29; *Johnson v. Regal Cinemas, Inc.*, 8th Dist. Cuyahoga No. 93775, 2010-Ohio-1761, ¶ 21. "Darkness and dim lighting in a parking lot are circumstances regularly encountered by business customers and should increase the care a reasonable customer exercises—not decrease it." *Esterman*, 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, at ¶ 13. Therefore, "darkness due to lack of illumination at nighttime is not an attendant circumstance that creates an exception to the open and obvious doctrine[.]" *Stewart v. ST Performing Arts, LLC*, 6th Dist. Lucas No. L-19-1023, 2019-Ohio-4508, ¶ 24, quoting *Butler v. Cleveland Clinic*, 8th Dist. Cuyahoga No. 105457, 2018-Ohio-93, ¶ 17. If, as Butler now asserts, it was "extremely dark," she was required to have exercised increased care.

{¶23} Butler argues that she had "little time to observe" the depression in the pavement because it was "concealed from her view" due to its location directly in front of her parked car. But "attendant circumstances do not include a person's activity at the time of the fall unless the condition is of the property owner's own making." *Hammond v. Lotz*, 1st Dist. Hamilton No. C-220002, 2022-Ohio-3542, ¶ 17 (plaintiff delivery driver's decision to park near a yard where an edging-ditch hazard was located, her focus on delivering a package, and the fact that she was only able to take two steps out of her vehicle before she fell were circumstances of plaintiff's making). Therefore, the fact that the depression within Butler's parking space was concealed by her own car does not qualify as an attendant circumstance because the position of her parked car was not a circumstance created by the property owner. *See id.*; *Scott*, 10th Dist. Franklin No. 19AP-413, 2020-Ohio-3431, at ¶ 10 (pothole concealed from plaintiff's view by his vehicle).

{¶24} Butler also argues that she did not see the depression because it "was the same color as the pavement." However, her admission that she saw an oil mark on the pavement would indicate that the mark, which turned out to be a depression, was visible. Moreover, the depression itself was not an attendant circumstance

because "[p]otholes in parking lots—located around * * * parking spaces—are 'regularly encountered, ordinary, [and] common circumstances.' " *Moyer*, 2019-Ohio-825, 124 N.E.3d 853, at ¶ 13, quoting *Colville*, 2d Dist. Miami No. 2011-CA-011, 2012-Ohio-2413, at ¶ 30.

{¶25} In this case, we hold that the depression in the pavement was an open and obvious condition. It was not hidden or concealed from view. As can be seen in the nighttime photographs testified to by Butler and submitted by plaintiff's counsel to defense counsel, the depression in the pavement in front of Butler's car was readily observable. Despite the darkness in the parking lot, which should have increased the level of care Butler exercised, she saw what she thought was an oil mark and stepped into it anyway. That it turned out to be a different hazard does not take away from its open and obvious nature. The open and obvious nature of the depression in the pavement negated any duty by TriHealth to warn Butler of the hazard. *See Armstrong*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 5. And Butler has failed to demonstrate the presence of any attendant circumstances sufficient to create a genuine issue of material fact as to whether the depression in the pavement was open and obvious.

{¶26} Because TriHealth owed no duty to Butler, the trial court properly entered summary judgment in their favor on Butler's negligence claim. "Although plaintiff presents a situation which evokes sympathy, from a legal standpoint the trial court correctly rendered judgment for the defendants[.]" *Jeswald*, 15 Ohio St.2d at 228, 239 N.E.2d 37.

{¶27} Therefore, we overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its own entry this date.