[Cite as *Effinger v. Vermilion Power Boats, Inc.*, 2025-Ohio-1851.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Maureen Effinger, et al., | Court of Appeals No. E-24-050 |
| Appellants | Trial Court No. 20230CV00254 |
| v. | |
| Vermilion Power Boats, Inc., aka Vermilion Power Boats Yacht Club aka VPBYC | **DECISION AND JUDGMENT** |
| | Decided: May 23, 2025 |
| Appellees | |

* * * * *

Robert J. Gargasz, Esq., for appellants.

Paul R. Bonfiglio, Esq., for appellee.

* * * * *

**DUHART, J.**

{¶ 1} Appellants, Maureen Effinger and Robert Effinger (collectively, "the Effingers"), appeal from an order of the Erie County Court of Common Pleas denying

their motion for summary judgment and granting summary judgment in favor of appellee Vermilion Power Boats, Inc. ("VPB"). For the reasons that follow, the trial court's judgment is affirmed.

## Statement of the Case

{¶ 2} On June 23, 2023, the Effingers filed a complaint against VPB alleging that Maureen Effinger had suffered a fall and injuries due to the negligence of VPB. Approximately one year later, the parties filed cross-motions for summary judgment, with VPB denying liability on the grounds that the condition upon which Maureen fell was open and obvious. On September 17, 2024, the trial court granted VPB's motion for summary judgment and denied the Effinger's motion for summary judgment.

## Statement of the Facts

{¶ 3} On the morning of July 10, 2021, Maureen Effinger was walking her dog across the VPB parking lot, when she stumbled and fell in one of the parking spaces. A VPB security camera captured the incident, which occurred over the course of just a few seconds. As shown in the video, Maureen Effinger was walking across the asphalt parking lot, with no obstructions or distractions, on a bright, sunny day, when she turned her attention to a man who was busy adjusting a small table in front of the VPB premises, and suddenly fell. According to the Effingers, Maureen Effinger fell in an "open hole in the parking lot" that was three and a half to four inches in depth and was not discernible or visible to the naked eye because it was hidden and "camouflaged by stains."

2.

**{¶ 4}** The security video depicts multiple areas of discoloration and imperfections in the VPB parking lot, including in the precise areas over which Maureen Effinger walked and eventually fell. Close-up photographs of the same areas, which were relied upon by both parties, reveal networks of minor cracks and depressions that stretch across large portions of an older looking parking lot.

## Assignments of Error

**{¶ 5}** On appeal, the Effingers assert the following assignment of error:

> I.      The trial court committed reversible error by dismissing Appellants' case and granting Appellee's motion for summary judgment after Effingers submitted sufficient evidence to establish a genuine issue of material fact exists. The trial court failed to properly evaluate the cross-motions for summary judgment in accordance with the required standards for such evaluation; The trial court errored [sic] in granting Appellee's motion for summary judgment. A summary judgment should not have been rendered for Appellee VPB as a Jury Question is presented upon these facts as to whether this dangerous condition was discernible by Maureen Effinger and whether the defective hazardous condition was open and obvious such as to deprive Appellants of their cause of action as a matter of law.

> II.      The trial court committed reversible error in failing to grant plaintiff's motion for summary judgment establishing the liability of the defendant.

## Law and Analysis

### Standard of Review

3.

**{¶ 6}** In this appeal, the Effingers argue that the trial court erred in entering summary judgment against them and in favor of VPB. Appellate courts review a trial court's decision on a motion for summary judgement de novo, *Alpha Plaza Investments, Ltd. v. City of Cleveland*, 2018-Ohio-486, ¶ 9 (8th Dist.), and "will employ the same standard as the trial court, without deference to it." *Bliss v. Johns Manville,* 2021-Ohio-1673, ¶ 23-26 (6th Dist.), citing *Mike McGarry & Sons, Inc. v. Constr. Resources One, LLC*, 2018-Ohio-528, ¶ 56 (6th Dist.).

**{¶ 7}** The standard for summary judgment is set forth in Ohio Civil Rule 56(C), which provides in relevant part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶ 8}** "[T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party has satisfied the initial burden, the nonmoving party must "set forth specific facts showing

that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.* at 293.

## Open and Obvious

{¶ 9} Because the Effingers' first and second assignments of error involve overlapping issues, they will be considered together in this analysis. "To prevail on a negligence claim, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) an injury proximately resulted from the defendant's breach of that duty." *Lang v. Holly Hill Motel, Inc.*, 2009-Ohio-2495, ¶ 10. If no duty exists, "then there can be no liability for negligence." *Snay v. Burr*, 2021-Ohio-4113, ¶ 14.

{¶ 10} In the context of premises liability, the applicable duty is determined by the relationship between the landowner and the plaintiff. *Collett v. Sharkey*, 2021-Ohio-2823, ¶ 9 (1st Dist.). The parties do not dispute that Maureen Effinger was a business invitee and that VPB, as the owner of the premises, owed her a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn her of latent or hidden dangers. *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573, ¶ 5.

{¶ 11} But "a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious." *Id.* This is because the open and obvious nature of the hazard itself serves as a sufficient warning and, thus, individuals entering the premises may reasonably be expected to discover such hazard and take appropriate measures to protect themselves. *Id.*

5.

**{¶ 12}** "A danger is open and obvious when it is 'not hidden, concealed from view, or undiscoverable upon ordinary inspection.'" *Hammond v. Lotz*, 2022-Ohio-3542, ¶ 9 (1st Dist.), quoting *Thompson v. Ohio State Univ. Physicians, Inc.*, 2011-Ohio-2270, ¶ 12 (10th Dist.). "Courts have found that defects in parking-lot surfaces are open and obvious hazards where the defect was not hidden and where, had the plaintiff looked, the defect would have been observable." *Butler v. TriHealth, Inc.*, 2022-Ohio-4364, ¶ 19 (1st Dist.). (Additional citations omitted.) The mere fact that a hole or divot is difficult to see because it is the same basic color as the surrounding asphalt does not change a condition from being open and obvious. *Shaw v. Washington Court House City Schools Bd. of Ed.*, 2022-Ohio-4226, ¶ 26 (12th Dist.), citing *Shipman v. Papa John's,* 2014-Ohio-5092, ¶ 26 (3d Dist.).

**{¶ 13}** Here, there is no question that the hole or divot or depression that caused Maureen Effinger to trip was an open and obvious condition. VPB security video and still photographs relied upon by the parties demonstrate that the area upon which Maureen Effinger fell was neither hidden nor undiscoverable. Instead, the areas of discoloration, cracking, and other imperfections in the pavement upon which Maureen Effinger fell was readily observable, if only she had looked.

**{¶ 14}** "Generally, whether a danger is open and obvious is a question of law, but the presence of attendant circumstances can create an issue of fact." *Butler* at ¶ 20, citing *McLaughlin v. Andy's Coin Laundries, LLC*, 2018-Ohio-1798, ¶ 15 (1st Dist.). "Attendant circumstances are 'distractions that contribute to an injury by diverting the

6.

attention of the injured party and reduce the degree of care an ordinary person would exercise at the time.'" *Id.*, quoting *Galinari v. Koop*, 2007-Ohio-4540, ¶ 21. "Attendant circumstances must be more than 'regularly encountered, ordinary, or common circumstances,'" *Butler* at ¶ 20, quoting *Esterman v. Speedway LLC*, 2015-Ohio-659, ¶ 11 (1st Dist.) (additional citations omitted), and do not include potholes located around parking spaces in parking lots. *Butler* at ¶ 24, citing *Moyer v. McClelland J. Brown Living Trust*, 2019-Ohio-825, ¶ 13 (3d Dist.) (additional citation omitted). In addition, "attendant circumstances do not include the individual's activity at the time of the fall unless the individual's attention was diverted by 'an unusual circumstance of the property owner's own making.'" *Id.*, quoting *McConnell v. Margello*, 2007-Ohio-4860, ¶ 10.

{¶ 15} Here, the Effingers cite the following as attendant circumstances that the trial court failed to consider in rendering its decision: the fall occurred while Maureen Effinger was "walking her dog" and (allegedly) while she was "communicating with" and/or heading toward the man who was adjusting the table in front of the VPB premises, to see if he needed help. But these circumstances, even if accepted as true, reflect choices that were made by Maureen Effinger and do not constitute circumstances, outside of her own behavior, that diverted her attention. Likewise, the circumstances born of Maureen Effinger's choices are not reasonably construed as circumstances of VPB's creation. Thus, the Effingers have failed to demonstrate the presence of any attendant circumstances sufficient to create a genuine issue of material fact as to whether the crack,

7.

hole, or depression in the pavement that caused Maureen Effinger to fall was open and obvious.

Because VPB owned no duty to Maureen Effinger, the trial court properly entered summary judgment in favor of VPB and against the Effingers. The Effingers' first and second assignments of error are therefore found not well-taken.

**Conclusion**

{¶ 16} The judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also*, 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, J. | |
|---|---|
| | JUDGE |
| Christine E. Mayle, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| CONCURS. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.